Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Attorneys for Plaintiffs

## UNITED STATES COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN DAVIS ALFRED,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO,<br><br>    Defendant. | Case No.: 2:24-cv-03317-DC-SCR<br><br>**PLAINTIFF'S STATUS REPORT**<br><br>Date: January 14, 2025<br>Time: 1:30 pm<br>Hearing: Motion for Preliminary Injunction<br><br>Hon. Dena Coggins |

    This report has been prepared by Attorney Anthony Prince, General Counsel for the California Homeless Union/Statewide Organizing Council and attorney for the Vallejo Homeless Union. As the Court the Court is aware, Attorney Andrea Henson, a member of the Homeless Union legal team, originally made a special appearance on behalf of *pro se* plaintiff Evelyn Davis Alfred and participated in a meet and confer with the City attorney on the interactive process for disability accommodations.

    However, as the City Attorney reported to the Court earlier this week, Attorney Andrea Henson suffered and remains hospitalized for a serious medical emergency which prevented her from filing a status report and essentially sidelined her for the time being. Accordingly, concurrently with this Status Report, Attorney Anthony

Page | - 1 -

Prince has filed his Notice of Appearance. While the information provided in the report filed by the City Attorney is essentially correct, there has been no follow up to the first interactive process meeting of December 24, 2024. There seems to be confusion and disagreement about the objective, purpose and conduct of the process.

On December 27, 2024, Jasleen Singh, a City of Vallejo Human Resources employee who was present at the 12/24/2024 meeting sent an email to Ms. Alfred with two attachments ostensibly to assist her in finding housing which listed Resource Connect Solano, which serves as the coordinated entry system for CAP Solano, the agency that the City utilizes for housing assistance.

However, Ms. Alfred signed up for the program months ago and no housing or path to housing has resulted therefrom. The City's Status Report states "Ms. Singh explained to [Ms. Alfred] that the City did not have any housing options, and that the City had no programs in place that were dedicated to housing." In fact, however, the City's own website identifies several housing programs.

Whether immediately accessible housing may or may not be currently available through these programs, the fact is that the City has either directly or by way of its association with the County been able in the past and is currently providing or assisting in locating appropriate housing for otherwise homeless persons.

The interactive process does not place the entire burden on the person seeking accommodations, although that person or their representative is required to be active participant. Rather, the process, and the Americans with Disabilities Act from which

Plaintiff's Status Report

it arises, imposes an affirmative obligation on the employer, would-be housing provider or public entity to make a good faith, active effort to arrive at a reasonable accommodation which may include, particularly here, modifications of or exceptions to certain policies, rules and practices.

Going forward, plaintiff believes that progress is being made, but is concerned with the City's apparent focus and determination to have her removed from her current residence rather than what the interactive process requires, including consideration of other alternatives, such as permitting her to remain where she has been for over 18 months, on good terms with her neighbors and where so far, no burden of significance, if any, has been shown on the City or the public.

Finally, given that Attorney Henson remains hospitalized and unable to specially represent plaintiff in pursuing reasonable accommodations or in the hearing on the motion for injunctive relief, set for hearing next week, plaintiff proposes that the TRO be extended, that the hearing on the motion for preliminary injunction be continued and the interactive process can be resumed. [1]

Dated: January 10, 2025                      Respectfully submitted,

                                             /s/ Anthony D. Prince
                                             California Homeless Union/
                                             Statewide Organizing Council
                                             Specially appearing for Plaintiff

---

[1] Over the course of yesterday, January 9, 2025 and today, Attorney Prince repeatedly contacted counsel for the City to propose filing a joint administrative motion requesting the Court to extend the TRO, continue the hearing on the preliminary injunction and order resumption of the interactive process. As of the filing of this report, the City has not replied.

Plaintiff's Status Report

Page | - 3 -