Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Attorneys for Plaintiffs

**UNITED STATES COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVELYN DAVIS ALFRED,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF VALLEJO,<br><br>　　　　　　Defendant. | Case No.: 2:24-cv-03317-DC-SCR<br><br>**PLAINTIFF'S UPDATED REPORT ON STATUS OF THE INTERACTIVE PROCESS**<br><br>Date: January 27, 2025<br>Time: 1:30 pm<br>Hearing: Motion for Preliminary Injunction<br><br>Hon. Dena Coggins |

　　　This report has been prepared by Attorney Anthony Prince, General Counsel for the California Homeless Union/Statewide Organizing Council and attorney for the Vallejo Homeless Union. Attorney Andrea Henson, a member of the Homeless Union legal team, was, as the Court is aware, sidelined for nearly three weeks by a serious illness and while she is returning to work, it is on a limited basis. She will, however, join Mr. Prince in today's hearing.

　　　The Court previously instructed that should the mediation assigned to Magistrate Judge Riordan fail to produce a settlement, the Parties were to resume the interactive process regarding housing and disability accommodations for Plaintiff Alfred. An in-person settlement conference was held on Thursday, January 23, which was attended by Plaintiff Evelyn Alfred, Vallejo Homeless Union representative Elizabeth Smith and attorneys Anthony Prince and Andrea Henson, Ms. Alfred's legal counsel. However, only attorney for the City Hampton Jackson was present. No

Plaintiff's Updated Status Report

City of Vallejo official personally appeared and there is no evidence that it requested to be excused or was prevented by a serious and unjustifiable hardship from doing so as Judge Riordan's pre-conference Order required and the Local Rules required. The case did not settle as reported in Judge Riordan's Minutes, although he indicated his willingness to convene another session if requested by the parties or ordered by this Court.

Plaintiff believes that coupled with the interactive process—which the parties have agreed, pursuant to the Court's instruction, will resume in person on either Wednesday or Thursday of this week—that another Settlement Conference in which knowledgeable City officials will this time personally appear would prove productive and should be ordered by this Court.

With regard to the status of the interactive process, Plaintiff's counsel sent the following message has been communicated to counsel for the City Hampton Jackson and essentially summarizes Plaintiff's concerns, expectations and proposals:

> Counsel: We would prefer Wednesday, Jan. 29 in person beginning at 1:00 pm but could also do it via Zoom if that will make it possible for you to meet that day instead of Thursday. However, if Wednesday is not possible, we will do Thursday, in person at 1:00 pm at an agreed-upon location.
>
> We are concerned that the City has failed to involve any city officials who have knowledge of disability accommodations in the context of homelessness, housing and pathways to housing and shelter including the City's housing programs and its participation in housing programs and services of Solano County and other public and private entities.
>
> Jasleen Singh, a HR Program Manager, who is the only City official who has been involved iin n the process so far has consistently failed to discuss housing and, as recently as her email of January 21, 2025 to Plaintiff's counsel, continues to insist that "the City does not have any housing programs that they operate" and is "waiting for Ms. Alfred to provide any updates and proof of her search for housing." In this way, Ms.

Plaintiff's Updated Status Report

Singh places the entire burden of locating housing on Ms. Alfred and, at best, states that the City "would help her relocate to that location."

That the City has a program, that includes funding, ownership and operation of existing and soon-to be completed housing is clearly shown in the recently filed Supplemental Declaration of Assistant City Manager Natalie Peterson who states that she is familiar with and oversees implementation of the City's policies regarding its unsheltered homeless residents and with the housing programs she identifies and describes in her declaration.

In the interactive process, the would-be provider of reasonable disability accommodations is generally required to have as its representative persons who are knowledgeable in the area under discussion. The City is required to actively participate in good-faith the interactive process. By way of the positions repeatedly taken by HR Manager Singh and the City's failure to produce persons who are better equipped and knowledgeable of the specifics, it appears that the City--which earlier attempted to unilaterally "end" the interactive process until rebuffed by the Court--is not committed to moving the process forward. Accordingly, we urge the City to send either Assistant City Manager Peterson or other better-suited representatives to the next session.

The message above summarizes Plaintiff's position. We continue to believe that between resumption of a good faith interactive process and the Court ordering the convening of second Settlement Conference with appropriate City officials present that the Parties can resolve the lawsuit. Plaintiff also urges the Court to continue the hearing on Plaintiff's motion for preliminary injunction and extend the TRO to permit the above efforts to resolve the case to go forward.

Dated: January 27, 2025  

Respectfully Submitted,
/s/ Anthony D. Prince
Attorney for Plaintiff

Plaintiff's Updated Status Report