Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Andrea M. Henson (SBN#331898)
Counsel for Plaintiff
Where Do We Go
2726 Martin Luther King Junior Way
Berkeley, CA 94703
Tel: 510-640-7390
Email: ahenson@wdwg.org

Attorneys for Plaintiff

# UNITED STATES COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN DAVIS ALFRED,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF VALLEJO,<br><br>　　　　Defendant. | Case No.: 2:24-cv-03317-DC-SCR<br><br>**DECLARATION OF TIMOTHY GHOLSTON, RN, IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 31, 2025<br>Time: 1:30 pm<br>Hearing: Motion for Preliminary Injunction<br><br>Hon. Dena Coggins |

## DECLARATION OF TIMOTHY GHOLSTON, RN

I, TIMOTHY GHOLSTON, RN, hereby swear and affirm that the following is a true statement:

1. I have been a registered nurse for the past 45 years. My Nursing License Number is #RN270413. I have a Bachelor of Science degree from Murray State University in Nursing Sciences. Throughout my career I have worked in almost all aspects of direct

primary care for diverse, low-income people. My work has ranged from managing acute illness and injury in emergency rooms and primary care to addressing clients' psychosocial needs and accessing services through intensive case management and social services.

2. For the past 25 years, my primary role has been as a public health nurse with a focus in the field of homeless health services. I have worked and developed programs for over 25 including in Portland, Oregon and the state of California in the cities of Santa Cruz, Santa Barbara, Oakland, San Francisco and Watsonville in health services focused on unsheltered or unstably-housed people. I have provided medical and social services to unhoused people in urban, suburban, and rural environments and am intimately aware of the general health challenges, and barriers to housing that unhoused people face. I have also established medical programs internationally and have helped establish and operate health clinics in Africa and the Caribbean.

3. During much of that time, my role included complex medical case management for homeless women that included both direct medical services and triage to social programs to obtain housing and shelter. I understand the challenges, opportunities, and systems that homeless women generally face when attempting to access these services.

4. In my practice, I regularly review, consider, and apply scholarly peer reviewed research in fields of medicine and the social sciences to the services provided to unhoused clients.

5. I have reviewed the declaration of Evelyn Alfred, and the general facts surrounding this case and, applying my education, training and experience, can state to a reasonable degree of medical certainty that the City of Vallejo will place Ms. Alfred at an increased risk of physical injury and medical decompensation if it is permitted to destroy Ms. Alfred's home without first providing suitable living accommodations.

Declaration of Timothy Gholston, RN In Support of Motion for Preliminary Injunction

Page | - 2 -

6. Importantly, Ms. Alfred has been attempting to access housing services and is on a pathway to housing. City of Vallejo destroying her home will interfere with this, and prolong her homelessness, and work against the long-term interests of the City of getting Ms. Alfred housed.

7. Ms. Alfred indicates she is 64-year-old woman. She reports that she requires a cane to walk, and uses back brace, and medical boot. She reports that she cannot raise her hands over her head and has difficulty dressing herself. She also reports experiencing debilitating pain anytime she bends over to retrieve items, including those she would need to carry with her to survive if rendered homeless and made to traverse the streets for refuge. These symptoms are consistent with the diagnosis she has received - osteoarthritis and osteomyelitis in her shoulder and ankle, as well as degenerative disk disease.

8. Based on the symptoms she describes, she would be classified as chronically disabled by osteoarthritis which can negatively impact performance of necessary daily activities such as feeding, cleaning and toileting oneself. That she has been approved for in-home support demonstrates that she requires assistance in these essential functions and will encounter great difficulty and the increased risk of harm if deprived of her current residence where such support can be provided.

9. Importantly, Ms. Alfred also reports a diagnosis of Osteomyelitis – which is a serious infection process. Generally, persons so afflicted need to be on IV antibiotics for 6 weeks or more. Left untreated, the condition can lead to serious, potentially life-threatening consequences including the spread of infection to the bone.

10. Finally, Ms. Alfred suffers from degenerative disk disease, a chronic condition that occurs when the discs in the spine break down or dry out. If Ms. Alfred is deprived of

Declaration of Timothy Gholston, RN In Support of Motion for Preliminary Injunction

Page | - 3 -

her current residence and made to engage in the strenuous activities associated with daily survival on the streets, she will be at greatly increased risk of a slipped or bulging (ie., herniated) disk that occurs when the soft, jelly-like center of a disk is compressed and leaks out of its outer ring.

11. Given the severe symptoms and degenerative conditions afflicting Ms. Alfred, based on my training and experience, I would strong urge that she not be moved from her current location until there is appropriate shelter available to her that accommodates her disabilities. An eviction will require Ms. Alfred to move all of her survival gear -which could result in a herniated disk due to her degenerative disk disease, as well other injuries caused.

12. The dangers facing homeless women is an unrecognized crisis. Ms. Alfred will be at increased risk of being a victim of violent crime as a result of the eviction. Violence is a common threat posed by women without housing. According to the University of California/Benioff study on homelessness, 42% of unhoused women are victims of violence in any given year, 49% of violent crimes against unhoused people are committed by strangers and 16% of unhoused women experience sexual violence in any given year. 54% of this sexual violence is committed by strangers. [Kushel, M. (2023) "The California Statewide Study of People Experiencing Homelessness". *UCSF Benioff Homelessness and Housing Initiative*.]

13. One reason why the experience of violence is so common among homeless women is that their routine day-to-day activities expose them to potential offenders but do not provide them with capable guardians. Sleeping patterns and routines are strongly related to victimization risks. Women who sleep in areas without capable guardians are at greater risk of victimization. Also, the more women travel during the day the greater

Declaration of Timothy Gholston, RN In Support of Motion for Preliminary Injunction

their risk of being victimized.  *See* Jasinski et al. 2005, 55) "The Experience of Violence in the Lives of Homeless Women" published in the *American Journal of Public Health*

14. In Ms. Alfred's case, she has capable guardians in the form of supportive neighbors who bring her food, routinely check in on her as demonstrated by the numerous letters of support she has received, including from those within shouting distance of her encampment, should she cry out for help.

15. Furthermore, Ms. Alfred has a substantial home where she can store food, water, clothing, and other necessities. She has a stable place to sleep at night and does not need to travel to find a place to sleep. This reduction of travel means that during the day, she is less exposed to would-be perpetrators of crime, extreme weather conditions and aggravation of the aforementioned degenerative diseases.

16. Travelling from location to location, and being exposed to stranger and vulnerable geographic locations, is one of main predictors for homeless women being victims of crime. See Furthermore, I would note that Defendants conclusions are contrary to scientific studies. In Jasinski et al. 2005, 55) "The Experience of Violence in the Lives of Homeless Women" published in the *American Journal of Public Health*, researchers found that one of the greatest factors for contributing to violence was if a women "spent more time traveling from one location to another" during the daytime (See Page 52).

17. Ms. Alfred reports suicide ideation and has previously attempted suicide. The disruption of separation, even for a brief time, from her home and relatively stable, protective and supportive location without being provided with equally beneficial, safe and durable housing would, based upon my education, training and experience with the psychosocial impact of the displacement of unhoused persons, result in significant mental health decompensation and amplify suicide ideation and impulsive suicide attempts.

Declaration of Timothy Gholston, RN In Support of Motion for Preliminary Injunction

Page | - 5 -

18. It is my opinion that the City of Vallejo will place Ms. Alfred in grave danger if they evict her without accommodating her disabilities by either providing alternative safe, durable housing or shelter or allowing her to simply remain where she is until such time as such housing and shelter can be obtained.

I swear under penalty of perjury under the laws of the United States and the State of California that the foregoing is a true and correct statement based on personal knowledge, otherwise on information and belief and on my best professional judgement.

Dated: January 29, 2025                                   /s/ Timothy Gholston, RN

Executed at Vallejo, CA

Page | - 6 -

Declaration of Timothy Gholston, RN In Support of Motion for Preliminary Injunction