Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Andrea M. Henson (SBN#331898)
Counsel for Plaintiff
Where Do We Go
2726 Martin Luther King Junior Way
Berkeley, CA 94703
Tel: 510-640-7390
Email: ahenson@wdwg.org

Attorneys for Plaintiff

# UNITED STATES COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN DAVIS ALFRED,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF VALLEJO,<br><br>　　　　　Defendant. | Case No.: 2:24-cv-03317-DC-SCR<br><br>**DECLARATION OF ELIZABETH SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 31, 2025<br>Time: 1:30 pm<br>Hearing: Motion for Preliminary Injunction<br><br>Hon. Dena Coggins |

## DECLARATION OF ELIZABETH SMITH

I, ELIZABETH SMITH, hereby swear and affirm that the following is a true statement:

1. I am an officer of the Vallejo Homeless Union and in that capacity has served as her Union representative to assist her in the interactive process. I have read the declaration of Ms. Singh and the status report of Mr. Jackson. It contains erroneous statements and does not present an accurate description of how the interactive process has gone so far.

Declaration of Elizabeth Smith In Support of Plaintiff's Motion for Preliminary Injunction

2. On (12/19/2024) Ms. Alfred told me that the city of Vallejo had not contacted her about the interactive process. I gave permission for her to add my contact information to this document. On Monday, (12/23/2024) another Union member, Daryn Rogers, called me and told me he had filed an appointment request for the first interactive process meeting with the City.

3. On the same day of (12/23/2024), I received a call from Jasleen Singh, a City Human Resources (HR). After a series of calls and emails, an interactive process meeting was set for December 24, 202 to take place at a local library.

4. At the December 24 meeting, at which Ms. Alfred, myself were present, Ms. Singh admitted that she had only very recently been hired, was not well acquainted with Vallejo, and had only received the paperwork pertaining to Ms. Alfred's situation from the City Attorney's office a few days before. Nevertheless, despite her admitted lack of familiarity with Vallejo, Ms. Sing stated flatly, and mistakenly, that the City does not have any housing program.

5. We informed Ms. Singh that Ms. Alfred was already enrolled in Resource Connect Solano, the Coordinated Entry System operated jointly by the City of Vallejo and Community Action Partnership of Solano County. JPA CAP Solano, as it is called, functions to provide a pathway to permanent housing to unsheltered homeless residents. into permanent housing. city's partnership with Community Action Partnership of Solano County by enrolling in its coordinated entry system, Resource Connect Solano.

6. After informing Ms. Singh that the City of Vallejo does have a housing program in partnership with the County, I explained to Ms. Singh that although she was already enrolled in the Resource Connect program, she has received no further information as to her status,

Declaration of Elizabeth Smith In Support of Plaintiff's Motion for Preliminary Injunction

what housing opportunities might be available and, if she is on a waiting list, what is the estimated time frame for being housed.

7. I informed Ms. Singh that Ms. Alfred is seeking the reasonable disability accommodation of being permitted to remain where she was until she has secured housing. I described Ms. Alfred's disabilities and explained that she has been in her current residence with the full knowledge of the City for two years. I explained that if she is displaced, there will be no place for her to go where she won't again be subject to removal and be at risk for becoming homeless. I explained that if the City forces her to leave her current residence, she will, as an elderly disabled female, be exposed to increased dangers of violence, sexual assault, unprotected exposure to extreme weather.

8. Ms. Singh said that she did not have the authority to approve or deny Ms. Alfred's accommodation request that she be allowed to remain until a determined effort by the City, the County, the Homeless Union and Ms. Alfred, herself, results in safe, durable and ADA-compliant housing.

9. At no time since the December 24, 2024 meeting has Mhanded Ms. Alfred a list of "resources" but did not offer at that time nor at any time since any actual practical assistance or plan whatsoever to move her into or towards housing or shelter of any kind.

10. On (12/27/2024), Ms. Singh sent me an email entitled "Housing Resources." Two documents were attached. After reviewing these documents, Ms. Alfred and I could see that the only resource provided by Ms. Singh that pertains to Ms. Alfred's situation is Resource Connect Solano, a program in which Ms. Alfred is already enrolled. I am familiar with every one of the remaining organizations on Ms. Singh's list. They claim to offer showers, help in finding a food pantry, accessing addiction services and help for pregnant women and

mothers with small children, none of which applies to Ms. Alfred, and none of which provides housing or a pathway to it.

11. At no time since the interactive process began on December 24, 2024 has Ms. Singh or any other City of Vallejo official done anything with regard to Ms. Alfred's situation other than continue to falsely claim that the City has no housing program and insist that she will be removed whether or not she accepts as an "accommodation" their offer to "help her move" when she has nowhere to go.

I swear under penalty of perjury under the laws of the United States and the State of California that the foregoing is a true and correct statement based on personal knowledge, otherwise on information and belief and on my best professional judgement.

Dated: January 29, 2025 /s/ Elizabeth Smith

Executed at Vallejo, CA

Declaration of Elizabeth Smith In Support of Plaintiff's Motion for Preliminary Injunction