**VERONICA A.F. NEBB**
City Attorney, SBN 140001
**BY: HAMPTON A. JACKSON**
Assistant City Attorney, SBN 326209
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687
Email: hampton.jackson@cityofvallejo.net

Attorneys for Defendant CITY OF VALLEJO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN DAVIS ALFRED,<br><br>             Plaintiff,<br><br>     vs.<br><br>CITY OF VALLEJO, et al.,<br><br>             Defendants. | Case No. 2:24-cv-03317-DC-SCR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Date:   May 16, 2025<br>Time:   1:30 p.m.<br>Courtroom:  8, 13th Floor |

**TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 16, 2025 at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 8 of the above Court, Defendant City of Vallejo will and hereby move, jointly and severally, for an order dismissing in its entirety the Plaintiff's Complaint for Damages as follows:

FIRST cause of action for violation of civil rights (42 U.S.C. § 1983); Fourth Amendment, unreasonable seizure clause of the United States Constitution;

SECOND cause of action for violation of civil rights (42 U.S.C. § 1983); Fifth Amendment, takings clause of the U.S. Constitution;

THIRD cause of action for violation of Title II, Americans with Disabilities Act (42 U.S.C. § 12132);

FOURTH cause of action for violation of civil rights (42 U.S.C. § 1983); Fourteenth Amendment, state created danger doctrine of the U.S. Constitution;

FIFTH cause of action for violation of civil rights (42 U.S.C. § 1983); Fourteenth Amendment, procedural and substantive due process clauses of the U.S. Constitution.

This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) on the grounds that the causes of action asserted in Plaintiff's Complaint fail to state a cause of action and are duplicative and therefore immaterial.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the pleadings, records, and files in this action, and on such other written and oral argument as may be presented to the Court.

DATED: January 31, 2025                    Respectfully submitted,

                                            /s/ Hampton A. Jackson
                                            HAMPTON A. JACKSON
                                            Assistant City Attorney
                                            Attorney for Defendant, CITY OF VALLEJO

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION & BACKGROUND

This case arises from the City's noticed removal of Plaintiff's encampment, located at 710 Mare Island Way, Vallejo, California. On October 27, 2024, Plaintiff filed a Complaint and an *Ex Parte* Application for a Temporary Restraining Order. On October 29, 2024, City employees visited Plaintiff at or near 710 Mare Island Way, Vallejo, California, and provided her with a notice of trespass and property removal. The notice indicated that Plaintiff's encampment would be removed, and her personal items stored on November 1, 2024. On October 30, 2024, the City received a copy of Plaintiff's request for a reasonable accommodation; a City employee called and left a message on Plaintiff's voicemail indicating that the City would grant Plaintiff a thirty-day (30) extension.

On November 1, 2024, a City employee spoke with Plaintiff at her encampment and informed her that the City would delay removal of Plaintiff's campsite until December 2, 2024. The City employee also asked Plaintiff if she had connected with the county's homeless services, but Plaintiff did not answer the question and ended the conversation.

On November 21, 2024, the same City employee who spoke with Plaintiff on October 29, 2024 and November 1, 2024 returned to Plaintiff's encampment and posted a second notice of trespass and property removal—the cleanup was scheduled to commence on December 2, 2024. Plaintiff was not onsite, but the notice was posted in three (3) conspicuous areas around her encampment. On November 25, 2024, the City received a written request from Plaintiff requesting that the December 2, 2024 cleanup be postponed.

On December 24, 2024, the interactive process was initiated with Ms. Alfred to discuss reasonable accommodations under the Americans with Disabilities Act (ADA). Present during the meeting was a City of Vallejo Human Resources employee (Jasleen Singh), Ms. Alfred, and her representative, Eli Smith. The City initiated contact with Ms. Alfred, who indicated that she preferred all communication to occur through her representatives. The City contacted representative Eli Smith, and she helped coordinate the meeting. During the meeting, Ms. Singh explained who she was and that she was there to help initiate the interactive process on behalf of City of Vallejo, and to help assess the request for help from Ms. Alfred. Ms. Alfred requested additional time to find housing. Ms. Singh

explained that she did not have the authority to authorize any specific time, but that Ms. Alfred's request would be noted. Ms. Singh asked Ms. Alfred what she thought was a reasonable amount of time. She asked for 30 days of time, in which she would check in with the City to show that she was working on finding housing. Ms. Alfred made it clear that she was not agreeing to leave in 30 days, only that she was agreeing to provide proof that she was working on securing housing. Ms. Alfred also mentioned that she would possibly need help packing and moving her possessions.

On January 9 and January 10, 2025, Ms. Singh attempted to contact Ms. Alfred and her representative Ms. Smith by phone and email. Ms. Singh's email on January 10, 2025, informed Ms. Alfred that the City was willing to assist Ms. Alfred with moving her personal belongings, but could not indefinitely extend her removal date until she secured alternative housing. No response was received. The email also requested information from Ms. Alfred related to her agreed-upon steps for the interactive process. During the initial meeting, Ms. Alfred and her representative agreed that they would submit proof to the City that Ms. Alfred was actively seeking housing, and that she was making efforts to secure accommodations. Ms. Singh sent a follow-up email on January 17, 2025, asking for a response by January 20, 2025. Ms. Singh received an email from Ms. Alfred's representative indicating that they understood that the discussion was now going to move forward with mediation. Ms. Singh sent a response email reminding them of their responsibility to complete interactive steps.

On January 23, 2025, the parties participated in mediation with Magistrate Judge Riordan, but were unable to settle the case. On January 24, 2025, the parties exchanged emails and agreed to meet to discuss the next steps related to the interactive process. The parties met on January 30, 2025, and agreed to complete additional steps in the interactive process.

Defendant respectfully requests that the Court dismiss all causes of action against the City of Vallejo.

## II.     ARGUMENT

A.     **Legal Standard**

A motion to dismiss is proper when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations. While the Court accepts as true well-pleaded factual allegations, "a pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Federal Rule of Civil Procedure Rule 8(a), pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007).

Pleadings must provide "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, the Court is not required to accept as true allegations that "are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). See also *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-775 (9th Cir. 1994). Finally, dismissal is proper when the complaint fails to allege sufficient facts to support a cognizable legal theory. *See Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

**B.     The Facts Alleged Do Not Support a Fourth Amendment Unreasonable Seizure Cause of Action**

The Fourth Amendment provides that "[t]he right of the people . . . against unreasonable searches and seizures, shall not be violated." U.S. Const. Amendment IV. A "seizure of property occurs when there is some meaningful interference with an individual's possessory interest in the property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). Nonetheless, the warrantless search or seizure of "abandoned" property does not violate the Fourth Amendment. *Abel v. United States*, 362 U.S. 217, 241 (1960). Consequently, if an item has been abandoned, a Fourth Amendment interest is not implicated and neither probable cause nor a warrant is necessary to justify a seizure. *Id*. at 241, cf. *United States v. Lisk*, 522 F.2d 22, 230 (7th Cir. 1975).

Here, Plaintiff does not allege that the City seized her property in violation of the Fourth Amendment. Instead, Plaintiff alleges that she is fearful that her property will be seized and immediately discarded. Complaint at p. 11. Plaintiff also does not allege that the City's policies fail to comport with Fourth Amendment requirements. *Id*. These allegations are merely conclusory statements, not based on specific, first-hand experience but rather based on second-hand accounts from unidentifiable individuals. Plaintiff's own declaration states that, when she was removed from a prior

encampment, she lost all her property. Plaintiff's Decl. ¶ 44. However, the City did not conduct this removal, since Plaintiff was removed by a private property owner. Plaintiff's Decl. ¶¶ 42-44. Plaintiff's declaration mentions that she heard other individuals alleging that the City confiscated their belongings and did not return the items. Plaintiff's Decl. ¶ 48. However, Plaintiff does not allege nor can she allege the reasons for confiscation, whether the confiscations were unreasonable, and whether the property confiscated was abandoned. The same reasoning applies to the allegations related to confiscated property that Plaintiff cites to in the other declarations. Complaint at p. 11. Consequently, Plaintiff has not sufficiently alleged a violation or potential violation of the Fourth Amendment.

C.   **The Facts Alleged Do Not Support a Fifth Amendment Cause of Action**

Plaintiff alleges a violation of the Fifth Amendment because of a potential seizing of her property without just compensation. This cause of action is not viable. Case law dictates that items seized by the government under its police power are not seized for public use within the meaning of the Fifth Amendment. When property has been seized pursuant to the criminal laws, such deprivations are not takings for which the owner is entitled to compensation. *See Myles v. United States*, 152 Fed. Cl. 448, 450 (2021) and *Seay v. United States*, 61 Fed. Cl. 32, 35 (2004). Further, a property owner only has a claim under the Takings Clause "as soon as a government takes his property for public use without paying for it." *Knick v. Twp. Of Scott*, 588 U.S. 180, 190 (2019). "We have long recognized that property owners may bring Fifth Amendment claims against the Federal Government as soon as their property has been taken." *Id.* at 190. The act of taking is the "event which gives rise to the claim for compensation." *United States v. Dow*, 357 U.S. 17, 22 (1958).

Here, Plaintiff does not allege that the City has taken any of her property. Thus, based on the alleged facts, no taking of Plaintiff's property has occurred, and Plaintiff's cause of action is deficient. Also, the alleged potential taking would occur under an exercise of the City's policing power, and would not be for a public purpose. This is not the type of deprivation the Fifth Amendment contemplates. Consequently, this cause of action should be dismissed with prejudice.

D.   **The Facts Alleged Do Not Support a Title II, Americans With Disabilities Act Cause of Action**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The implementing regulations require state agencies to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i). To state a prima facie case for a violation of Title II, plaintiffs must show that (1) they are "qualified individual[s] with disabilit[ies]"; (2) they were "either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or w[ere] otherwise discriminated against by the public entity"; and (3) "such exclusion, denial of benefits, or discrimination was by reason of [their] disabilit[ies]." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, at 737-38 [quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001)].

Here, the program at issue is the City's Administrative Rule 7.10 ("Rule 7.10") policy. Rule 7.10 provides that a person illegally camping will receive a verbal warning before a written 72-hour notice is posted. (RJN, Exhibit "C"). The notices are required to be in written form and posted and served. *Id*. Further, Rule 7.10 provides that for encampments that the City intends to abate, the City will collect and dispose of any junk, garbage and/or debris; and will collect and store personal property. *Id*. Personal property will be stored for ninety (90) days without charge and will be available to be reclaimed by the subject owner. *Id*. Finally, if the person fails to comply with the written notice, he or she may be removed by City staff. *Id*.

The ADA "requires only 'reasonable modifications' that would not fundamentally alter the nature of the service provided, and only when the individual seeking modification is otherwise eligible for the service." *Tennessee v. Lane*, 541 U.S. 509, 532 (2004). "An alteration is fundamental if it would alter the 'essential nature' of the program." *Reed v. City of Emeryville*, 568 F. Supp. 3d 1029, 1043 (N.D. Cal. 2021) (citing *Alexander v. Choate*, 469 U.S. 287, 300 (1985). Public entities "are not required to create new programs that provide heretofore unprovided services to assist disabled persons." *Townsend v. Quasim*, 328 F.3d 511, 518 (9th Cir. 2003). The "determination of what

constitutes a reasonable modification is highly fact-specific, requiring case-by-case inquiry." *Crowder v. Kitagawa*, 81 F.3d 1480, 1486 (9th Cir. 1996).

Here, Plaintiff does not allege that she was excluded from or denied the benefits of the City's program, or otherwise discriminated against by the City. Plaintiff also does not allege that she was excluded, denied benefits, or discriminated against because of her disabilities. Rather, Plaintiff alleges that the City's cleanup program is less accessible to her because of her disabilities. Complaint at p. 14. Plaintiff's Application for relief specifically requests that she be allowed to remain at her current location until she can secure "alternative, disability-accessible housing", that the City assist Plaintiff with finding housing, that the City engage in the "interactive process", and that the City provide her with moving assistance. *Id*. While the City temporarily halted its planned cleanup on November 1, 2024, to provide Plaintiff with a reasonable accommodation for additional time, the City cannot fundamentally alter its program by delaying its removal until Plaintiff can secure alternative housing. As outlined in Rule 7.10, the City is only required to provide a verbal warning and a 72-hour written notice, prior to abatement. (RJN, Exhibit "C".)

In addition, the City cannot fundamentally alter its program by assisting Plaintiff with finding housing. The City does not directly place individuals in shelter, transitional, or long-term housing. (RJN, Peterson Decl., Exhibit "A".) The City also does not operate any emergency shelter programs, safe parking lots for RV or car parking. *Id*. However, the City participates in the County of Solano's Community Action Partnership Joint Powers Authority ("CAP Solano"). *Id*. CAP Solano oversees the funding and services, including housing placements and emergency shelters, related to homelessness in Solano County. *Id*. If the City were required to provide housing before removing any disabled, unhoused individual, the City's cleanup program would be fundamentally altered, and the City's effort to remove homeless encampments would be seriously hindered.

Plaintiff's requested the following accommodations: thirty (30) days' extension, assistance packing her belongings, and assistance moving her belongings. Complaint at p. 5. The City obliged and extended the time for Plaintiff to vacate her encampment and by offered packing and moving assistance. (RJN, Singh Decl., Exhibit "B".) Further, considering the City's ongoing efforts to provide a reasonable accommodation, Plaintiff has not raised a serious question that she was excluded from

1   participation in or denied the benefits of the City's Rule 7.10 policy, or otherwise discriminated against
2   by the City because of her disabilities. *See Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, at
3   737-38.
4       Plaintiff's alleged disabilities are social anxiety and ambulatory limitations. The City's
5   accommodations directly address these disabilities. However, Plaintiff seeks an indefinite extension
6   until she can secure alternative housing. An indefinite extension would fundamentally alter the City's
7   encampment removal program and is not required by the ADA. *See Where Do We Go Berkeley v.*
8   *California Department of Transportation*, 32 F.4th 852 (9th Cir. 2022). The City does not provide
9   alternative shelter housing, and cannot fundamentally alter its program to provide Plaintiff with
10  housing.

### E. The Facts Alleged Do Not Support a Fourteenth Amendment State-Created Danger Cause of Action

Accepting the allegations as pled, Plaintiff fails to state a state-created danger claim. The state-created danger doctrine is a limited exception to the general rule that the Due Process Clause does not "confer any affirmative right to governmental aid," *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); or obligate the government to "protect the life, liberty and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). To plead a state-created danger claim, the plaintiff must establish: (1) "the officers' affirmative actions created or exposed her to an actual, particularized danger that she would not otherwise have faced;" (2) "the injury she suffered was foreseeable;" and (3) "the officers were deliberately indifferent to the known danger." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019). Plaintiff has not sufficiently alleged any of these elements.

Plaintiff alleges that the City will affirmatively place her in danger by removing her shelter and forcing her to live in her vehicle. This generic claim of danger is insufficient to allege "an actual, particularized danger that [Plaintiff] would not otherwise have faced." *Martinez*, 943 F.3d at 1271; *see Sinclair v. City of Seattle*, 61 F.4th 674, 682-83 (9th Cir. 2023) ("A danger is 'particularized' if it is directed at a specific victim," and must be "particularized to the plaintiffs"). Several courts in the Ninth Circuit have dismissed state-created danger claims based on allegations of generalized danger to unhoused individuals' encampments being removed by cities. *See, e.g.*, *Cobine v. City of Eureka*, 250

F. Supp. 3d 423, 433 (N.D. Cal. 2017); *Young v. City of Los Angeles*, No. CV2000709, 2020 WL 616363, at *7 (C.D. Cal. Feb. 10, 2020); *Reed v. City of Emeryville*, 568 F. Supp. 3d 1029, 1039-41 (N.D. Cal. 2021); *Wills v. City of Monterey*, 617 F. Supp. 3d 1107, 1124 (N.D. Cal. 2022). As in the cases listed above, "the generalized dangers of living on the street preexisted" any relocation, and Plaintiff has failed to allege how the City will intentionally expose her to a specific danger that she will otherwise face. *Cobine*, 250 F. Supp. 3d at 433; *see id.* (dismissing claim for failure to allege specific dangerous conditions that the plaintiffs did not already face from being homeless); *see also Wills*, 617 F. Supp. 3d at 1124; *Reed*, 568 F. Supp. 3d at 1041. Here, Plaintiff fails to allege what specific danger the City will intentionally expose her to. Instead, Plaintiff alleges generalized allegations of potential future harm; harm that Plaintiff already faces from being unhoused.

For an injury to be foreseeable, there must first be an injury. Plaintiff's claim also fails because she did not identify any injury she suffered as a result of the City's actions. *Nieves v. Cnty. Of Trinity*, No. 2:21-CV-02248-KJM-AC, 2022 WL 17994367, at *4 (E.D. Cal. Dec. 29, 2022) ("Because plaintiffs have not pled any cognizable injury, the court need not consider other elements of a state-created danger claim."). The present case differs from the Ninth Circuit cases that have recognized a state-created danger claim; all of which involved death or grievous injury. *See*, *e.g.*, *Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006) (shooting); *Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997) (death). Further, Plaintiff's general allegations of mental health risks—even if they had been specifically alleged—are insufficient. *J.P. by & through Villanueva v. Cnty. Of Alameda*, 803 F.App'x 106, 108 (9th Cir. 2020) ("Our cases have not recognized a Fourteenth Amendment violation under [the state-created danger doctrine] for emotional distress alone").

Plaintiff also fails to allege deliberate indifference to a known particular danger. Deliberate indifference is not established unless "the defendant knows that something is going to happen but ignores the risk and exposes [the plaintiff] to it." *Patel*, 648 F.3d at 974. Deliberate indifference is a "stringent standard of fault" that is only satisfied when the state actor recognizes the unreasonable risk and "actually intends to expose the plaintiff to such risk without regard to the consequences to the plaintiff." *Id*. Here, Plaintiff alleges that "[t]he destruction of homeless encampments has rapidly increased within the City of Vallejo. . . resulting in multiple civil rights violations. . ." Complaint at p.

15. This allegation is merely a conclusory statement which fails to allege any particular danger to Plaintiff.

### F. The Facts Alleged Do Not Support a Fourteenth Amendment Procedural and Substantive Due Process Cause of Action

With respect to Plaintiff's fifth cause of action, the cause of action fails because she has not alleged facts constituting a violation of her due process rights. A due process claim must plead facts which, if proven, would constitute a violation of substantive or procedural due process. *Ramos v. Gallo*, 596 F. Supp. 833, 837 (D. Mass. 1984). Plaintiff pleads no facts relating to a violation of substantive or procedural due process. She claims that the City did not follow its own municipal code or administrative rule since the first eviction notice was not preceded by a verbal warning, provided less than seventy-two (72) hour notice, and did not offer any services. Complaint at p. 17. Plaintiff also alleges that, at the time of the City's second notice of eviction, the City "did not offer any services." *Id*. These conclusory statements do not state with the requisite specificity what procedures and laws were allegedly violated or not followed. In addition, Plaintiff admitted in her Complaint that she remains at her shelter, and the City did not remove her after the expiration of the eviction notice. Thus, Plaintiff was not deprived of any procedural or substantive due process rights.

To prevail on a claim for a violation of substantive due process under the Fourteenth Amendment, Plaintiff must show Defendants' conduct shocks the conscience and that they acted with deliberate indifference. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). The *Lewis* case held "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* at 846. Here, the City's alleged defective notice was corrected by the posting of the second eviction notice. The City's was not egregious, nor does Plaintiff allege such.

In assessing a procedural due process claim by way of the Fourteenth Amendment, the Supreme Court outlined the requisite approach in *Board of Regents v. Roth*, 408 U.S. 564 (1972). This decision established that two questions must be asked in all procedural due process cases: (1) whether the state deprived a person of a liberty or property interest; (2) if so, what kind of a hearing is required and when should it take place, to be determined by using a cost-benefit analysis. The Supreme Court revisited the issue of property seizure in the procedural due process setting in *Hudson v. Palmer*, 468 U.S. 517. The *Hudson* court held "an unauthorized intentional deprivation of property by a state

employee does not constitute a violation of the procedural requirements of the due process clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 533 (1984); *Stone v. Agnos*, 960 F.2d 893, 895-896 (9th Cir. 1992) (finding no due process violation where homeless property was destroyed in violation of City policy).

To the extent the Court finds a potential deprivation exists, Plaintiff has the remedy to file a small claims action or a government claim. Under controlling law, state proceedings and government claims are "an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir. 1989) ("To satisfy due process, the state remedy need not provide the [plaintiffs] with all the relief available under section 1983, so long as it would fully compensate their property loss.") Thus, Plaintiff's due process claims are barred.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the present motion and dismiss all causes of action against the Defendant City of Vallejo.

DATED: January 31, 2025                    Respectfully submitted,

*/s/ Hampton A. Jackson*
HAMPTON A. JACKSON
Attorney for Defendant CITY OF VALLEJO