Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Andrea M. Henson (SBN#331898)
Counsel for Plaintiff
Where Do We Go
2726 Martin Luther King Junior Way
Berkeley, CA 94703
Tel: 510-640-7390
Email: ahenson@wdwg.org

Attorneys for Plaintiff

Page |
- 1 -

# UNITED STATES COURT

## EASTERN DISTRICT OF CALIFORNIA

EVELYN DAVIS ALFRED,

        Plaintiff,

  vs.

CITY OF VALLEJO,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  2:24-cv-03317-DC-SCR

**RESPONSE TO ORDER TO SHOW CAUSE; REQUEST FOR LEAVE TO LATE-FILE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; DECLARATION OF ANTHONY D. PRINCE; OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

Hearing Date: May 16, 2025
Time: 1:30 pm
Courtroom 8 (DC)
Judge: Hon. Dena Coggins

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Evelyn Alfred respectfully requests the Court's

permission to file a late opposition to Defendant's Motion to Dismiss.

FRCP Rule 60(b) provides in part, "On motion and just terms, the court may relieve a party

or its legal representative from a judgment, order or proceeding for (1) mistake, inadvertence,

surprise, or excusable neglect." Plaintiff's request is based on the excusable neglect of her counsel

who, as detailed in the Declaration of Anthony D. Prince, filed concurrently herewith, failed to keep

proper track of the filing deadline owing to the press of legal obligations as General Counsel for the

California Homeless Union on urgent matters and the extreme limitations of resources available to

him as the Union's only full-time attorney.

## DECLARATION OF ANTHONY D. PRINCE

I, ANTHONY D. PRINCE, declare and state as follows:

1.  I serve as Lead Organizer and General Counsel for the California Homeless
    Union/Statewide Organizing Council, a federation of 24 local homeless unions across
    the state, collectively representing thousands of unhoused and marginally housed
    persons.

2.  Although occasionally assisted by other attorneys, I am the only attorney working full
    time as legal counsel for all locals in the Union. The Union receives no funding from any
    foundation, government or law firm and neither I nor the Union are able to employ any
    staff or afford an office. I have a full-time non-attorney job which makes it possible to
    pay filing fees when the Union files suit in its own name and on behalf of our homeless
    members. I am assisted only by officers and members of the Homeless Union, the vast
    majority of whom are in encampments and shelters. I have never received compensation
    for any of the numerous cases we have brought over the last ten years on behalf of our
    local union and homeless communities and individuals.

3.  There is a dearth of attorneys whose practice is devoted to the unhoused and even fewer
    who will seek injunctions to prevent harm. It is for this reason that the Federal Bench,
    State Court judges and the Judicial Council regularly plead with the 240,000 members of
    the State Bar to take on pro bono cases for the 86% of all Californians who are unable to
    access the civil justice system. In trying to fill that gap on behalf of the most
    dispossessed, we ask for no special favors from the court—only a level playing field.

4. I offer the above not in the way of making an excuse for failing to timely file an Opposition to Defendant City of Vallejo's motion to dismiss, but to provide the context for my having let the deadline slip, for which I apologize to the Court.

5. On January 31, 2025, Defendant filed its Motion to Dismiss. The deadline for plaintiff to respond was February 14, 2025. At the time of Defendant's filing I had specially appeared for then *pro se* plaintiff Evelyn Alfred after being asked to step in for Attorney Andrea Henson, who had earlier specially appeared but had by then became severely ill, was hospitalized and thereafter for almost a month continued to be disabled by what turned out to be a severe respiratory condition although she was able to participate in a Settlement Conference with Magistrate Judge Sean Riordan that took place on January 23, 2025.

6. During this period the case of *Marin County Homeless Union v. City of Novato* had reached a critical stage as the City had announced its intention to close "Camp Compassion," a sanctioned encampment that had successfully operated for over two years as the result of the Settlement Agreement negotiated in that case.

7. The hearing on Plaintiff's motion in Ms. Alfred's case for preliminary injunction took place on January 31, 2025, the very same day that Defendant filed its Motion to Dismiss. Four days later, the City of Fremont introduced an Ordinance into its City Council, later enacted, making it a crime for a homeless person to possess, without more, items necessary for personal survival and charging those providing such materials as accessories to the crime. As counsel for our affiliated local Fremont Homeless Union, I have had to devote weeks to the preparation of the lawsuit we will file tomorrow before the Ordinance becomes enforceable.

8. I do not offer the above as an excuse, but as the context for missing the filing deadline for which I now must show cause. I take full responsibility and assure the Court that I

Page |
- 3 -

understand the importance of filing deadlines, the efficient administration of civil

litigation and that it will not occur again.

9.  I note that in considering the factors to find excusable neglect there is no prejudice to

Defendant, that I did not deliberately and knowingly disregard the deadline but

straightforwardly admit that I lost sight of it in the press of the urgent matters described

above; that reminded by the Court's order to show cause, and the Court having approved

the Substitution of Attorney filed on February 14, 2025,  I have prepared and

concurrently file herewith a Request for Leave to Late-File Plaintiff's Opposition along

with the Opposition, itself.

10. I offer my sincerest apology to the Court for this indiscretion, urge the Court to accept

the Late-Filed Opposition to Defendant's motion which, in the interests of justice for

Ms. Alfred and to allow the development of a full-evidentiary record in this case, I urge

the Court to deny.

I swear under penalty of perjury under the laws of the United States and the State of

California that the foregoing is a true and correct statement based on personal knowledge.

Dated: January 30, 2025                                    /s/Anthony D. Prince
Executed at Vallejo, CA

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### Table of Contents

INTRODUCTION ...................................................................................................- 5 -

LEGAL STANDARD .............................................................................................- 5 -

*Argument* ............................................................*Error! Bookmark not defined.*

Fourteenth Amendment State Created Danger Doctrine ...................................- 6 -

Fourth Amendment ...........................................................................................- 7 -

**Fifth Amendment** ...........................................................................................**- 8 -**

**Title II Americans With Disability Act** ..........................................................**- 9 -**

**Fourteenth Amendment Substantive Due Process Cause of Action**Error! Bookmark not defined.

*Conclusion* .............................................................................................*- 10 -*

*Verification* .................................................................................................

## INTRODUCTION

Plaintiff Evelyn Davis Alfred submits this opposition to Defendant City of Vallejo's Motion to Dismiss. Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to sufficiently plead her claims. However, Ms. Alfred complaint was filed when Ms. Alfred was still *pro se* and must be "The Court liberally construes [Plaintiff's] . "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). Therefore the court can "liberally construe the complaint given [Plaintiff's] pro se status. *Powelson v. Sausalito Police Dep't*, 701 F. Supp. 3d 965 (N.D. Cal. 2023) and should freely grant leave to amend so that counsel of record may address any affirmities the Court finds with her current complaint.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) must be denied if the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need only give fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**ARGUMENT**

**Fourteenth Amendment State Created Danger Doctrine**

"To prevail on a claim under the state-created danger doctrine, a plaintiff must show that: (1) the state actor's "affirmative actions created or exposed her to an actual, particularized danger that she would not otherwise have faced," (2) "the injury she suffered was foreseeable," and (3) the state actor was "deliberately indifferent to the known danger." Martinez v. City of Clovis, 943 F.3d 1260, 1271 (9th Cir. 2019) Quoting from *Alfred v. City of Vallejo*, 2:24-cv-03317-DC-SCR (E.D. Cal. Feb. 7, 2025)

This court has already determined Ms. Alfred's Fourteenth Amendment danger claim is plausibly plead in its order granting her preliminary injunction "In conclusion, the court finds Plaintiff has raised a serious question regarding the merits of her Fourteenth Amendment state-created danger claim." *Alfred v. City of Vallejo*, 2:24-cv-03317-DC-SCR (E.D. Cal. Feb. 7, 2025).

The court's comprehensive findings in the PI Order does not need restating here – the Court has found that "Removing Plaintiff's shelter while knowing Plaintiff has no alternatives is likely to expose her to more dangerous conditions than she currently faces by depriving her of protection from the elements, hygiene facilities, and access to life essentials, creating a known and particularized danger to Plaintiff's safety and welfare" *id.*

This court also found that the Plaintiff has met the stringent standard of fault for deliberate indifference: "In addition, Plaintiff has raised serious questions as to the third element of her state-created danger claim-whether Defendant City is deliberately indifferent to the known danger to Plaintiff's safety and welfare should her shelter be removed. As an initial matter, Defendant City has made it clear that it will not allow Plaintiff to move or camp anywhere in the City. (Doc. No. 33 at 2-4.) Defendant City also asserts it cannot directly connect Plaintiff with shelter or housing because Defendant City does not provide shelter or housing services. However, Defendant City has made

conflicting representations about whether it provides shelter or housing services that Plaintiff can access."*id*

Accordingly, Plaintiff has sufficiently plead all parts of her state created danger claims.

**<u>Fourth Amendment</u>**

"The unabandoned property of homeless persons is not beyond the reach of the protections enshrined in the Fourth and Fourteenth Amendments" *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012)

Ms. Alfred's complaint alleges to valid theories under the Fourth Amendment. First, Ms. Alfred has had her personal property destroyed by the City

references attached declaration – such as Eli Smith President of the Vallejo Homeless Union who relays "I have attended numerous evictions, and am in constant communication with many unhoused people who reside in Vallejo. There are more than 60 members of the homeless union alone , and most of those have my personal cell phone number. I have never heard anyone being able to retrieve any items from storage. I have never seen a truck, van or other vehicle at an eviction that was capable of storing items. I have witnessed the city throwing away obviously valuable and/or personal items that are not damaged or hazardous, such as bicycles, generators, and photographs. The procedure I am personally familiar with is that they indiscriminately dump everything in an another large, garbage truck without sorting. It is obvious that there is no intention to sort these items after the fact, as everything is smashed in the process."

Under liberal construction, Ms. Alfred has plausibly claimed that the City of Vallejo has a custom of destroying unhoused peoples belongings, even when the City's ostensibly provides storage for those items. As district courts have frequently noticed, local governments frequently do not follow storage protocols they promulgate for the homeless. Had the City not been enjoined from destroying her dwelling, she plausibly can expect to have her property summarily destroyed in this way.

**Fifth Amendment**

"The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation. Knick v. Twp. of Scott, 588 U.S. 180, 190 (2019)." *Quoting from Knight v. Richardson Bay Reg'l Agency*, 637 F. Supp. 3d 789 (N.D. Cal. 2022). A Fifth Amendment Claim is ripe when a "final decision" has been made to take property.

The seizure of property under the City's police power is not a takings, unless the use of police power is illegitimate. For example, in *Knight v. Richardson Bay Reg'l Agency*, 637 F. Supp. 3d 789 (N.D. Cal. 2022) an unhoused man lived in a boat that the government sought to take under its police powers under HNC 550 based on the allegation that his boat was "marine debris" and that the government summarily seized and destroyed boats.  Judge Orrick found that *Knight* provided evidence that his boat was not marine debris under HNC 550 – making his taking claim ripe because the application of police powers was not legitimate.

In a related case, *Roark v. Richardson Bay Reg'l Agency*, 22-cv-07610-WHO (N.D. Cal. Dec. 1, 2023), Judge Orrick distinguished a similarly situated man from the *Knight* case, saying: "Roark argues that his claims are similar to those raised in *Knight v. Richardson Bay Reg'l Agency,* 637 F.Supp.3d 789 (N.D. Cal. 2022). However, in Knight the question was whether the plaintiff had made a sufficient showing that his boat was not "marine debris" to temporarily enjoin RBRA from seizing his boat in potential violation of plaintiff's due process rights" *id* *11.

Ms. Alfred's case is more an analogous to *Knight* than in *Roark.* First, as described in Ms. Smith's declaration *supra*, Ms. Alfred has plausibly claimed the City of Vallejo does not impound property – it summarily destroys it – providing no due process for retrieval. That constitutes a physical appropriation of property.

Second, like in *Knight*, Plaintiff has plausibly shown in the totality of the circumstances that she was not violating PC 647(e) , VMC 7.67.030, or VMC 7.67.040 that would warrant the seizure

of her belongings, because as was adjudicated in the preliminary injunction order, she has no other

place to be and her presence is involuntarily.

Ms. Alfred situation can be analogized to someone whose in their car and has been stuck in

a snowbank by the road. The government has wide latitude to regulate cars by the roadway – but if

the government knows the driver cannot move the vehicle and needs it to remain in it to survive –

they cannot summarily crush the car and eject the person into a snow bank.  They cannot claim the

person stuck in the snow bank is breaking a law in their involuntary, emergency circumstance. The

City of Vallejo has shown that it knew Ms. Alfred had no place to go – so the use of police powers

to take her property under PC 647(e) , VMC 7.67.030, or VMC 7.67.040 was not legitimate use of

police powers.

**Title II Americans With Disability Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason

of such disability, be excluded from participation in or be denied the benefits of the services,

programs,or activities of a public entity, or be subjected to discrimination by any such entity." 42

U.S.C. § 12132. The implementing regulations require state agencies to "make reasonable

modifications in policies, practices, or procedures when the modifications are necessary to avoid

discrimination on the basis of disability, unless the public entity can demonstrate that making the

modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R.

§ 35.130(b)(7)(i).

To state a prima facie case for a violation of Title II, plaintiffs must show that (1) they are

"qualified individual[s] with disabilit[ies]"; (2) they were "either excluded from participation in or

denied the benefits of a public entity's services, programs, or activities, or w[ere] otherwise

discriminated against by the public entity"; and (3) "such exclusion, denial of benefits, or

discrimination was by reason of [their] disabilit[ies]." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11

F.4th 729, at 737-38 [quoting Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001)]

Page | - 10 -

        While this court has ruled that Plaintiffs unlikely to prevail on the merits of her specific ADA claim in regards to her original request for disability accommodations, that is not fatal Plaintiffs ADA claim overall when considering that her claim can be construed under the disparate impact theory for disability discrimination because "Disparate impact disability discrimination claims remain enforceable through a private right of action. Plaintiffs here may therefore assert their disparate impact disability discrimination claims under Title II of the ADA and Section 504 and their implementing regulations" *Payan*11 F.4th 73. Plaintiff has sufficiently alleged disparate impact because, as demonstrated in the Courts order on the preliminary injunction, Vallejo's implementation of PC 647(e) , VMC 7.67.030, or VMC 7.67.040 exposes people with serious

        Conclusion

        Ms. Alfred has plausibly alleged the claims in her complaint. If the court finds infirmities, it should grant leave to amend.

Dated: March 3, 2025                                    Respectfully Submitted,

                                                        /s/ *Anthony D. Prince*
                                                        Anthony D. Prince,
                                                        Attorney for Plaintiff