Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100,
Berkeley CA, 94705
Ph. 510-301-1472
Email: princelawoffices@yahoo.com

Andrea M. Henson (SBN # 331898)
Where Do We Go
2726 Martin Luther King Jr Way,
Berkeley, CA 94703-2146
Phone: 510-999-9394
Email: ahenson@wdwg.org

Attorneys for Plaintiffs/Petitioners

# UNITED STATES COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
|  | Case No.: 2:24-CV-02993-DJC-AC |
| EVELYN DAVIS ALFRED | |
| Plaintiff, | PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS |
| vs. | |
| CITY OF VALLEJO ET AL | |
| Defendant | |

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 1

1

2

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Evelyn Davis Alfred submits this opposition to Defendant City of

3

4

Vallejo's Motion to Dismiss. See ECF No. 39. Defendant seeks dismissal under Fed. R. Civ. P.

5

6

12(b)(6) on the grounds that Plaintiff has failed to sufficiently plead her claims. However, Ms.

Alfred's complaint was filed when she was still *pro se* and not represented by counsel; therefore,

7

the Court should liberally construe the complaint. "A document filed *pro se* is to be liberally

8

9

construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

10

11

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

12

Ms. Alfred filed her complaint against the City of Vallejo on November 27, 2024. As a

13

pro se litigant, the Court found, in its temporary restraining order issued on November 29, 2024,

14

that the Plaintiff demonstrated serious questions going to the merits of her Title II Americans

15

16

With Disabilities Act Claim because the Defendant's eviction process is less accessible to her

than a non-disabled person "due to her limited mobility and fragile mental state." ECF. No. 4, p.

17

18

6. At the Preliminary Injunction hearing on December 13, 2024, Andrea Henson specially

19

appeared for Ms. Alfred. At that hearing, the court directed Ms. Henson to filed a Notice of

20

Appearance for that hearing and to appear in limited scope to defend the preliminary injunction

21

and assist Ms. Alfred with the Joint Status Report updating the court as to the status of the

22

23

interaction process. At that hearing, the court continued the deadline for filing the Defendant's

24

anticipated Motion to Dismiss to January 31, 2025.

25

On January 14, 2024, at the hearing on the preliminary injunction, Anthony Prince

26

specially appeared since Ms. Henson had a severe respiratory illness. The next hearing on

27

Plaintiff's motion for Preliminary injunction took place on January 27, 2025. However, due to a

28

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 2

1    scheduling issue, the Preliminary Injunction hearing was moved to January 31, 2025, the same

2    day that the Defendant's motion to dismiss was due. ECF No. 25

3
       At the Preliminary Injunction hearing on January 31, 2025 the Court found that the
4
     Plaintiff had not raised serious questions on her ADA claims. The Court, however, did find that
5
6    Ms. Alfred raised serious questions going to the merits of her Fourteenth Amendment State

7    Created Danger claims. ECF No. 40.

8
       On February 7, 2025, this Court issued the order on the Preliminary Injunction. ECF No.
9
10   40.  Then on February 12, 2025, the court issued a minute order asking attorneys Andrea Henson

11   and Anthony Prince to file the appropriate documentation to clarify the status of their appearance

12   on behalf of the Plaintiff in this action. ECF No. 41.

13     Attorney Prince and Attorney Henson were approved as counsel for Ms. Alfred on

14   February 25, 2025. ECF No. 44-45. As such, the court can "liberally construe the complaint

15   given [Plaintiff's] pro se status. *Powelson v. Sausalito Police Dep't*, 701 F. Supp. 3d 965 (N.D.
16
17   Cal. 2023) and should grant leave to amend so that counsel of record may address any infirmities

18   the Court finds with her current complaint.

19                          **LEGAL STANDARD**

20     A motion to dismiss under Rule 12(b)(6) must be denied if the complaint
21
22   contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

23   face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need only give fair notice of the

24   claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

25

26

27

28

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 3

1

2                                    **ARGUMENT**

3

**State Created Danger Claim**

4

5        "To prevail on a claim under the state-created danger doctrine, a plaintiff must show that:

6
(1) the state actor's "affirmative actions created or exposed her to an actual, particularized danger
7
that she would not otherwise have faced," (2) "the injury she suffered was foreseeable," and (3)
8
9    the state actor was "deliberately indifferent to the known danger." *Martinez v. City of Clovis*, 943

10   F.3d 1260, 1271 (9th Cir. 2019) Quoting from *Alfred v. City of Vallejo*, 2:24-cv-03317-DC-SCR

11   (E.D. Cal. Feb. 7, 2025).

12

13       In granting Plaintiffs motion for a preliminary injunction, this Court made found Ms.

14   Alfred's Fourteenth Amendment, substantive due process/state-created danger to have raised

15
serious questions going to the merits, noting "[i]n conclusion, the court finds Plaintiff has raised
16
17   a serious question regarding the merits of her Fourteenth Amendment state-created danger

18   claim." *Alfred v. City of Vallejo*, 2:24-cv-03317-DC-SCR (E.D. Cal. Feb. 7, 2025).

19

20       In considering a 12(b)(6) motion to dismiss, the court takes the plaintiff's factual

21   allegations as true. Thus, the findings of fact by this Court as the foundation for the provision of

22   injunctive relief also serve as the factual basis for making out a plausible claim of violation of

23   plaintiffs' constitutional rights under the 14th Amendment to be protected from affirmative acts

24
of government - here, the City of Vallejo - that increase the risk of harm by way of the City's
25
26   disregard of a known danger.

27

28

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 4

Given the court's comprehensive findings in the Preliminary Injunction Order, which are part of the record and "the law of the case," do not need to be exhaustively restated in the context of determining whether plaintiff has not need restating here and can be succinctly summarized in the Court's own words: "Removing Plaintiff's shelter while knowing Plaintiff has no alternatives is likely to expose her to more dangerous conditions than she currently faces by depriving her of protection from the elements, hygiene facilities, and access to life essentials, creating a known and particularized danger to Plaintiff's safety and welfare" *id.*

This court also found that the Plaintiff has met the stringent standard of fault for deliberate indifference: "In addition, Plaintiff has raised serious questions as to the third element of her state-created danger claim-whether Defendant City is deliberately indifferent to the known danger to Plaintiff's safety and welfare should her shelter be removed. As an initial matter, Defendant City has made it clear that it will not allow Plaintiff to move or camp anywhere in the City." ECF No. 33 at 2-4. Defendant City also asserts it cannot directly connect Plaintiff with shelter or housing because Defendant City does not provide shelter or housing services. However, Defendant City has made conflicting representations about whether it provides shelter or housing services that Plaintiff can access."*id*

Accordingly, Plaintiff has sufficiently plead all parts of her state created danger claims.

**Fourth Amendment**

"The unabandoned property of homeless persons is not beyond the reach of the protections enshrined in the Fourth and Fourteenth Amendments" *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012)

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 5

1

2

3

Ms. Alfred's complaint alleges to valid theories under the Fourth Amendment. First, Ms. Alfred has had her personal property destroyed by the City

4

5

6

7

8

9

10

11

12

13

14

15

References attached declaration – such as Eli Smith President of the Vallejo Homeless Union who relays "I have attended numerous evictions and am in constant communication with many unhoused people who reside in Vallejo. There are more than 60 members of the homeless union alone, and most of those have my personal cell phone number. I have never heard anyone being able to retrieve any items from storage. I have never seen a truck, van or other vehicle at an eviction that was capable of storing items. I have witnessed the city throwing away obviously valuable and/or personal items that are not damaged or hazardous, such as bicycles, generators, and photographs. The procedure I am personally familiar with is that they indiscriminately dump everything in an another large, garbage truck without sorting. It is obvious that there is no intention to sort these items after the fact, as everything is smashed in the process."

16

17

18

19

20

21

22

23

Under liberal construction, Ms. Alfred has plausibly claimed that the City of Vallejo has a custom of destroying unhoused peoples belongings, even when the City's ostensibly provides storage for those items. As district courts have frequently noticed, local governments frequently do not follow storage protocols they promulgate for the homeless. Had the City not been enjoined from destroying her dwelling, she plausibly can expect to have her property summarily destroyed in this way.

24

25

**Fifth Amendment**

26

27

28

"The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation. Knick v. Twp. of Scott, 588 U.S. 180,

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 6

190 (2019)." *Quoting from Knight v. Richardson Bay Reg'l Agency*, 637 F. Supp. 3d 789 (N.D.

Cal. 2022). A Fifth Amendment Claim is ripe when a "final decision" has been made to take

property. The seizure of property under the City's police power is not a takings, unless the use of

police power is illegitimate. For example, in *Knight v. Richardson Bay Reg'l Agency*, 637 F.

Supp. 3d 789 (N.D. Cal. 2022) an unhoused man lived in a boat that the government sought to

take under its police powers under HNC 550 based on the allegation that his boat was "marine

debris" and that the government summarily seized and destroyed boats.  Judge Orrick found that

*Knight* provided evidence that his boat was not marine debris under HNC 550 – making his

taking claim ripe because the application of police powers was not legitimate.

　　In a related case, *Roark v. Richardson Bay Reg'l Agency*, 22-cv-07610-WHO (N.D. Cal.

Dec. 1, 2023), Judge Orrick distinguished a similarly situated man from the *Knight* case, saying:

"Roark argues that his claims are similar to those raised in *Knight v. Richardson Bay Reg'l*

*Agency,* 637 F.Supp.3d 789 (N.D. Cal. 2022). However, in Knight the question was whether the

plaintiff had made a sufficient showing that his boat was not "marine debris" to temporarily

enjoin RBRA from seizing his boat in potential violation of plaintiff's due process rights" *id* *11.

　　Ms. Alfred's case is more an analogous to *Knight* than in *Roark.* First, as described in

Ms. Smith's declaration *supra*, Ms. Alfred has plausibly claimed the City of Vallejo does not

impound property – it summarily destroys it – providing no due process for retrieval. That

constitutes a physical appropriation of property.

　　Second, like in *Knight*, Plaintiff has plausibly shown in the totality of the circumstances

that she was not violating PC 647(e) , VMC 7.67.030, or VMC 7.67.040 that would warrant the

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 7

seizure of her belongings, because as was adjudicated in the preliminary injunction order, she has

no other place to be and her presence is involuntarily.

Ms. Alfred situation can be analogized to someone whose in their car and has been stuck

in a snowbank by the road. The government has wide latitude to regulate cars by the roadway –

but if the government knows the driver cannot move the vehicle and needs it to remain in it to

survive – they cannot summarily crush the car and eject the person into a snow bank.  They

cannot claim the person stuck in the snow bank is breaking a law in their involuntary, emergency

circumstance. The City of Vallejo has shown that it knew Ms. Alfred had no place to go – so the

use of police powers to take her property under PC 647(e) , VMC 7.67.030, or VMC 7.67.040

was not legitimate use of police powers.

**Title II Americans With Disability Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132. The implementing regulations require state agencies to "make

reasonable modifications in policies, practices, or procedures when the modifications are

necessary to avoid discrimination on the basis of disability, unless the public entity can

demonstrate that making the modifications would fundamentally alter the nature of the service,

program, or activity." 28 C.F.R. § 35.130(b)(7)(i). To state a prima facie case for a violation of

Title II, plaintiffs must show that (1) they are "qualified individual[s] with disabilit[ies]"; (2)

they were "either excluded from participation in or denied the benefits of a public entity's

services, programs, or activities, or w[ere] otherwise discriminated against by the public entity";

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 8

1   and (3) "such exclusion, denial of benefits, or discrimination was by reason of [their]

2   disabilit[ies]." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, at 737-38 [quoting *Duvall v.*

3   *County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,

4   2001)] "Disparate impact disability discrimination claims remain enforceable through a private

5   right of action. Plaintiffs here may therefore assert their disparate impact disability

6   discrimination claims under Title II of the ADA and Section 504 and their implementing

7   regulations" *Payan*11 F.4th 73. Plaintiff has sufficiently alleged disparate impact because, as

8   demonstrated in the Courts order on the preliminary injunction, Vallejo's  implementation of PC

9

10  647(e) , VMC 7.67.030, or VMC 7.67.040 exposes people with serious disabilities, like Ms.

11  Alfred, to extreme peril because their disabilities.

12

13  "*Mens rea* is typically a required element of a crime. *See Staples v. United States*, 511

14  U.S. 600, 605 (1994) ("The existence of a *mens rea* is the rule of, rather than the exception to,

15  the principles of Anglo–American criminal jurisprudence.") (citing *United States v. United*

16  *States Gypsum Co.*, 438 U.S. 422, 436–437 (1978)). Otherwise, criminal sanctions may

17  improperly be imposed upon persons whose mental state made their actions entirely innocent.

18  *See id.* at 606–15." *Boyd v City of San Rafael* 3:23-cv-04085-EMC (Oct. 19 2023) "the

19  unregulated nature of the designation and allocation of those limited permissible campsites for

20  the unhoused leaves Plaintiffs exposed to being evicted and/or criminally prosecuted as a result

21  of actions taken not by them but by a third party." *Id*

22

23

24

25  Here, the record in Plaintiff's complaint and in the preliminary injunction briefing shows

26  that the City of Vallejo came to a decision to abate Plaintiffs dwelling using the threat of

27  criminal prosecution under PC 647(e) , VMC 7.67.030, or VMC 7.67.040. The City of Vallejo

28  PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 9

maintained it's prosecutorial posture even when it was undisputed Ms. Alfred had nowhere to go. Accordingly the City of Vallejo has threatened criminal prosecution when it knew Ms. Alfred did not have *mens rea* necessary to violate the local ordinances.

**Fourteenth Amendment Procedural Due Process**

In assessing a procedural due process claim by way of the Fourteenth Amendment, the

Here, the City of Vallejo intended to deprive Ms. Alfred of a liberty interest of personal safety and bodily integrity, as well as her property interest in the materials that compose her home. Ms. Alfred had been in the location, notoriously and conspicuously, for around two years and had been given extensions to move – which shows the discretionary, non-urgent nature of the abatement of her dwelling. Under the cost benefit analysis, the constitutional minimum for such an abatement of such seriousness, and non-urgency, should be some kind of hearing before a neutral third party. This type of hearing is not overburdensome on the City – indeed had a third party neutral gotten involved in early on there may not have had to be a lawsuit to begin with.

**CONCLUSION**

Liberally construed given her *pro se* status, Ms. Alfred has plausibly alleged the claims in her complaint and survives a 12(b)(6) challenge. If, however, the court finds otherwise, Plaintiff counsel, prays that it be done without prejudice and with leave to amend.

Dated: March 6, 2025                              Respectfully submitted,

                                                                  /s/Anthony D. Prince
                                                                  /s/ Andrea M. Henson,
                                                                  Attorneys for Plaintiff

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 10