**VERONICA A.F. NEBB**
City Attorney, SBN 140001
**BY: HAMPTON A. JACKSON**
Assistant City Attorney, SBN 326209
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687
Email: hampton.jackson@cityofvallejo.net

Attorneys for Defendant CITY OF VALLEJO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN DAVIS ALFRED,<br><br>             Plaintiff,<br><br>     vs.<br><br>CITY OF VALLEJO, et al.,<br><br>             Defendants. | Case No. 2:24-cv-03317-DC-SCR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS & MOTION TO STRIKE**<br><br>Date:   May 16, 2025<br>Time:   1:30 p.m.<br>Courtroom:  8, 13th Floor |

## REPLY IN SUPPORT OF MOTION TO DISMISS

### I.  INTRODUCTION

Instead of addressing many of the arguments made in the City's Motion to Dismiss, Plaintiff attempts to compensate for the defects in her Complaint by raising new claims and alleging new facts. However, the Court should disregard Plaintiff's obfuscation and dismiss all causes of action against the City of Vallejo. The Court should also strike Plaintiff's second Opposition in its entirety.

### II.  ARGUMENT

**A.  Plaintiff's Cause of Action for a Fourteenth Amendment Violation Fails**

Dismissal is proper when the complaint fails to allege sufficient facts to support a cognizable legal theory. *See Shroyer v. New Cingular Wireless Services, Inc.*, 1035, 1041 (9th Cir. 20210). Here, Plaintiff argues that the Court's Preliminary Injunction Order found that Plaintiff raised a serious question regarding the merits of her Fourteenth Amendment state-created danger claim. However, Plaintiff's reliance on the Court's order to establish a claim is improper; since Plaintiff's Complaint does not contain any of these allegations. The proper place for the Court to find and evaluate Plaintiff's Fourteenth Amendment allegations is her Complaint. As argued in the City's Motion to Dismiss, Plaintiff's Complaint fails to allege a specific danger, fails to identify any injury, and fails to allege the City's deliberate indifference to a known particular danger. Plaintiff's Opposition fails to rebut any of the City's arguments. Consequently, Plaintiff's Fourteenth Amendment claim should be dismissed.

**B.  Plaintiff's Cause of Action for a Fourth Amendment Violation Fails**

Plaintiff incorrectly argues that she had her personal property destroyed by the City. As highlighted in the City's Motion to Dismiss, Plaintiff's items that were removed and destroyed were destroyed by the actions of a third-party private property owner. Plaintiff's Decl. ¶ 44. Plaintiff cannot now claim that the City has violated her Fourth Amendment rights, by making new allegations not found in her Complaint. Further, Plaintiff does not allege that the City's encampment policies violate the Fourth Amendment, or that the City's actions violate the Fourth Amendment by disposing of personal property. Rather, Plaintiff alleges that in the past the City confiscated property of other unhoused individuals and summarily destroyed the property. This allegation alone is insufficient to

Case No. 2:24-cv-03317-DC-SCR                           REPLY ISO MOTION TO DISMISS
                                                                                   & MOTION TO STRIKE
-2-

1   establish a Fourth Amendment violation, because Plaintiff does not allege facts related to the
2   circumstances of the cleanups, or allege that that the City knowingly violated its policies. For example,
3   if the items were abandoned or if the unhoused individuals gave the City permission to dispose of the
4   items, the City's actions would be justified. Plaintiff is unable to allege facts related to the City's
5   previous cleanups because Plaintiff does not have actual first-hand knowledge of the circumstances.

6   Similarly, for the first time, Plaintiff attempts to raise a thinly veiled *Monell* claim by alleging
7   that the City has a custom of destroying unhoused individuals' belongings. First, Plaintiff does not
8   raise a *Monell* claim in her Complaint. Second, to prevail on a Section 1983 *Monell* claim, Plaintiff
9   must identify the policy or custom that is alleged to have caused her injury, show that "the municipal
10  action was taken with the requisite degree of culpability and must demonstrate a direct causal link
11  between the municipal action and the deprivation of federal rights." *Board of the County Comm'rs v.*
12  *Brown*, 520 U.S. 397, 404 (1997). Here, Plaintiff's Complaint does not identify the policy or custom
13  that is alleged to have caused her injury. Plaintiff has also not alleged any facts related to the City's
14  requisite degree of culpability, nor has she alleged a link between the City's action and any deprivation
15  of federal rights.

16  **C.    Plaintiff's Cause of Action for a Fifth Amendment Violation Fails**

17  A property owner has a claim under the Takings Clause "as soon as a government takes his
18  property for public use without paying for it." *Knick v. Twp. Of Scott*, 588 U.S. 180, 190 (2019). "We
19  have long recognized that property owners may bring Fifth Amendment claims against the Federal
20  Government as soon as their property has been taken." *Id.* at 190. The act of taking is the "event which
21  gives rise to the claim for compensation." *United States v. Dow*, 357 U.S. 17, 22 (1958). Here, Plaintiff
22  does not allege that the City has taken any of her property, or that a final decision has been made to
23  take her property. Based on the facts alleged in Plaintiff's Complaint, no taking of Plaintiff's property
24  has occurred.

25  In addition, property seized under the government's police power is not seized for public use
26  within the meaning of the Fifth Amendment. *See Myles v. United States*, 152 Fed. Cl. 448, 450 (2021)
27  and *Seay v. United States*, 61 Fed. Cl. 32, 35 (2004). Plaintiff cites *Knight v. Richardson Bay Reg'l*
28  Agency, 637 F. Supp. 3d 789 (N.D. Cal. 2022) and argues that the Fifth Amendment is violated if a

City's police power is illegitimate. First, as applied to the court's Fifth Amendment analysis, this proposition is nowhere to be found in this case. Second, Plaintiff did not allege in her Complaint that the City's exercise of police power was illegitimate. Finally, the facts of *Knight* are dissimilar to the facts in Plaintiff's case. *Knight* concerned the seizure of a live-aboard boat, and whether Mr. Knight would be compensated if his boat were seized. Here, Plaintiff does not allege that the City seized her boat or her motor vehicle, and failed to compensate her. Instead, Plaintiff alleged that the City would seize her personal belongings, pursuant to the City's encampment cleanup program. This is a proper use of police power and outside the meaning of the Fifth Amendment's public use meaning. Plaintiff alleges in her Opposition that the City does not follow its policy but summarily destroys unhoused individual's property—this would be a due process violation. It follows then that, if the City has a policy that exercises police powers but does not follow its policy, a due process violation has been alleged and not a Fifth Amendment violation. Consequently, Plaintiff fails to allege a Fifth Amendment Violation.

### D. The Facts Alleged Do Not Support a Title II, Americans With Disabilities Act Cause of Action

Instead of addressing the City's lengthy reasonable accommodation argument—which rebutted the allegations raised in Plaintiff's Complaint—Plaintiff, once again, raises for the first time a new claim under the disparate impact theory. First, Plaintiff did not raise a disparate impact claim in her Complaint. Second, in raising this new theory in her Opposition, Plaintiff does not point to any allegations in her Complaint that would support this theory. Instead, Plaintiff cites case law and argues that the Court's findings in the Preliminary Injunction Order demonstrate that Plaintiff sufficiently alleged a disparate impact. This is merely a formulaic recitation of the elements and is insufficient to establish a disparate impact claim. An opposition to a motion to dismiss is not the proper place to raise new causes of action. Thus, Plaintiff's Title II claim should be dismissed.

### E. Motion to Strike Plaintiff's Improperly Filed Second Opposition

The City requests that this Court strike Plaintiff's Opposition to Defendants' Motion to Dismiss filed on March 6, 2025. Federal Rules of Civil Procedure Rule 12(f) permits the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is "to avoid the expenditure of time and money

that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 679 F.2d 880 (9th Cir. 1983). The motion to dismiss and the motion to strike are properly joined here pursuant to Federal Rules of Civil Procedure Rule 12(g) ("a motion under this rule may be joined with any other motion allowed by this rule.").

Plaintiff filed two Oppositions to the City's Motion to Dismiss: the first Opposition was filed on March 3, 2025, and the second Opposition was filed on March 6, 2025. The second Opposition contains additional arguments not found in the first Opposition; specifically, arguments related to Plaintiff's Title II Americans with Disabilities Act claim and her Fourteenth Amendment Procedural Due Process claim. The filing of the second Opposition without leave of court was improper, and the City moves to strike the second Opposition in its entirety.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the present motion and dismiss all causes of action against the Defendant City of Vallejo.

DATED: March 17, 2025                    Respectfully submitted,

*/s/ Hampton A. Jackson*
HAMPTON A. JACKSON
Attorney for Defendant CITY OF VALLEJO